IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

AUG 3 0 2005

Michael N. Milby, Clerk

ARTURO DIAZ, §
§
Petitioner, §
§
v. § No. M-04-225
§
DOUG DRETKE, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

## PETITIONER'S OBJECTIONS TO
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Arturo Diaz, convicted of capital murder and sentenced to death in Texas state court, has filed original and amended petitions for writ of habeas corpus raising the following claims for relief:

1. Trial counsel rendered ineffective assistance with regard to the guilt-innocence phase of trial by failing to adequately investigate the State's case and fully discuss it with Mr. Diaz to ensure that his plea of not guilty was knowing and voluntary.

2. Trial counsel rendered ineffective assistance at the punishment phase of trial by (1) failing to adequately investigate and present readily available mitigating evidence, (2) failing to prepare for the only witness offered by the defense, a psychologist whose testimony was devastating to Mr. Diaz, and (3) devoting almost their entire closing argument to repeating the defensive theory that the jury had rejected beyond a reasonable doubt at the the guilt-

        innocence phase of trial.

3.     The trial court denied Mr. Diaz a fair punishment hearing by admitting evidence that he was a member of a gang.

4.     The prosecutor infringed on Mr. Diaz's right to remain silent by eliciting testimony from his expert witness that he had refused to discuss the facts of the offense.

5.     Trial counsel rendered ineffective assistance during voir dire of the jury panel by failing to preserve error regarding the exclusion of venire member Gerald Albrecht.

6.     Appellate counsel rendered ineffective by failing to raise an issue as to the prosecutor's improper argument at the punishment phase of trial regarding the community's expectations.

On August 23, 2005, Magistrate Judge Dorina Ramos entered a report and recommendation ("RR") that the Director's motion for summary judgment be granted, that the petition be dismissed with prejudice, and that Mr. Diaz be denied a certificate of appealability ("COA"). Accordingly, Mr. Diaz files these objections.

## I. Mr. Diaz Objects to the Magistrate Judge's Finding That He Has Procedurally Defaulted Some of His Claims of Ineffective Assistance of Trial Counsel.

The magistrate judge found Mr. Diaz had procedurally defaulted his first claim and the second and third prongs of his second claim by failing to present them to the state courts so as to exhaust his state remedies as required by 28 U.S.C. § 2254(b). RR 11-12. Mr. Diaz objects to this conclusion.

### A.     State habeas counsel's ineffectiveness constitutes "cause."

As discussed below, Mr. Diaz disagrees with the magistrate judge's finding that he has failed to present the state courts with the second and third prongs of his second claim for relief. To the extent that those claims–as well as Mr. Diaz's first claim, concerning ineffective assistance with regard to the State's plea offer–are unexhausted, he submits that state habeas counsel's failure to adequately raise them constitutes "cause" for his default. This submission was discussed at length in Mr. Diaz's response to the Director's motion for summary judgment, and he will not reiterate it at length here. Simply put, Mr. Diaz argues that Texas law provides that "[a death-sentenced] applicant shall be represented by competent counsel," Tex. Code of Crim. Proc. art. 11.071, § 2(a), and that that statutory right to counsel, like the one for condemned prisoners in federal habeas proceedings, 21 U.S.C. § 848(q)(4)(B), "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Mr. Diaz acknowledges that his argument runs counter to Fifth Circuit precedent, but nonetheless raises it so as to preserve it for further review.

### B.     Mr. Diaz has exhausted his state remedies on his second claim.

Mr. Diaz also objects to the magistrate judge's finding that he has failed to present the state courts with the second and third prongs of his second claim for relief

3

– that trial counsel were ineffective in (1) failing to prepare for their only witness at punishment, Dr. Pinkerman, and (2) focusing their closing argument on the defensive theory of residual doubt that the jury had rejected beyond a reasonable doubt at the guilt-innocence phase of trial.

It is settled that the statutory exhaustion requirement is satisfied when the substance of the petitioner's federal habeas claim has been fairly presented to the highest state court. *Smith v. Dretke*, ___ F.3d ___, 2005 WL 1983694 *5 (5th Cir. Aug. 17, 2005) (citing *Picard v. Connor,* 404 U.S. 270, 275-78 (1971)). A federal claim is "fairly presented" when it is the "substantial equivalent" of that raised in state court, and "[t]he habeas applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement." *Id.* (citing *Lamberti v. Wainwright,* 513 F.2d 277, 282 (5th Cir. 1975)).

In *Smith v. Dretke*, the Fifth Circuit considered, and rejected, a similar exhaustion argument by the Director. There, the petitioner argued on state habeas review that trial counsel had been ineffective in not retaining the services of a mitigation expert. In federal court, he made a broader claim – that trial counsel should have investigated a possible insanity defense, obtained prison records showing his nonviolent nature, and interviewed his relatives so that they could testify at the punishment phase. While the district court found the federal claim unexhausted

4

because it relied on factual allegations outside the state court record and because it changed the focus of the petitioner's state claim to substantive areas not covered in his state petition, the Fifth Circuit disagreed and granted a COA. In finding that state remedies had been exhausted, the Fifth Circuit noted that it could reasonably be argued that Smith's state court allegation "was a more general claim that his trial counsel failed to investigate Smith's history" and that his argument in support "was likely enough to alert the state habeas court that he was asserting a constitutional claim concerning the adequacy of his trial counsel's investigation of mitigating evidence." *6.

The *Smith* court also rejected the State's argument that state remedies had not been exhausted because the state petition "did not detail any mitigating facts which should have been presented" or "contain any affidavits setting out specific mitigation facts that were omitted by trial counsel." *Id.* Instead, the Fifth Circuit held that Smith's broad state court claim arguably exhausted his state remedies even though it was not supported by the affidavits that he offered in federal court. He was entitled to issuance of a COA because "it is debatable whether Smith presented a factual as well as a legal basis to support his constitutional claim." *Id.*

Here, the same is true. Like Smith, Mr. Diaz made a broad federal constitutional claim in state court that sufficed to exhaust his state remedies as to his subsequent

5

federal claim. In arguing to the state courts that trial counsel had erred in failing to investigate and present mitigating evidence on his behalf, Mr. Diaz necessarily invited scrutiny of counsel's overall handling of the defense's punishment phase case, including counsel's handling of Dr. Pinkerman and jury argument. *See Brown v. Dretke,* ___ F.3d ___, 2005 WL 1793347 *5 (5th Cir. July 29, 2005) (under *Strickland v. Washington,* 466 U.S. 668, 695 (1984), reviewing court "must consider the totality of the evidence . . . in determining the prejudicial effect of trial counsel's allegedly deficient performance"); *Vela v. Estelle,* 708 F.2d 954, 960 (5th Cir. 1983) (petitioner had exhausted state remedies even though his federal claim of ineffective assistance of counsel highlighted errors that were not specifically mentioned in his state habeas petition, because "all of these errors support the same constitutional claim urged before the state court, and all were readily discernible from the review of the entire record"). The magistrate judge erred in finding that Mr. Diaz had not exhausted his state remedies as to his claims of ineffective assistance of trial counsel.

## II. Mr. Diaz Objects to the Magistrate Judge's Finding That He Was Not Prejudiced by Trial Counsel's Acts and Omissions.

As for the merits of Mr. Diaz's sixth amendment claims, the magistrate judge found several of them unavailing for lack of prejudice within the meaning of *Strickland,* which requires a showing of a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.. Mr. Diaz objects to the magistrate judge's finding of no prejudice.

### A.   Venire member Albrecht

The magistrate judge found that Mr. Diaz was not prejudiced when trial counsel joined with the prosecutor in seeking to have venire member Gerald Albrecht dismissed for cause due to his opposition to the death penalty. RR 14-15. According to the magistrate judge, there was no prejudice because Albrecht was not qualified to sit on the jury. Mr. Diaz disagrees.

Venire members may not be excused for cause if they merely "stated that they would be 'affected' by the possibility of the death penalty . . . ." *Adams v. Texas,* 448 U.S. 38, 49 (1980). To the contrary, exclusion is proper only when it is clear that the prospective juror cannot follow the law, as when he states that he would "automatically" vote against the death penalty "[r]egardless of the facts and circumstances of the case," *McFadden,* 166 F.3d at 759-60; flatly states that he could not take an "oath" to base his punishment-phase answers solely on the evidence, *Mann v. Scott,* 41 F.3d 968, 980-81 & n.9 (5th Cir. 1994); or repeatedly states that he could not impose the death penalty "under any circumstances." *Bell v. Lynaugh,* 828 F.2d 1085, 1092 (5th Cir. 1987).

Mr. Albrecht's responses to the trial court's questions did not evince a steadfast unwillingness or inability to follow the law at the punishment phase of trial. Instead, he repeatedly testified very candidly that he "still really [didn't] know at this time" whether he could answer the special issues on punishment, knowing that a death sentence would result, because "I really don't know the depth of my religious beliefs on the issue." 20 RR 70. At no point did he state that he never could impose the death penalty under any circumstances, only that his "religious beliefs would cause [him] to lean against the death penalty." 20 RR 71. Because the record does not support the conclusion that Mr. Albrecht's views on capital punishment would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath, he was qualified to serve on Mr. Diaz's jury, and trial counsel's acquiescence in his dismissal constituted ineffective assistance of counsel.

**B.    Trial counsel's performance at the punishment phase.**

The magistrate judge also found that Mr. Diaz was not prejudiced by trial counsel's ineptitude with regard to the punishment phase of trial because the mitigating evidence they failed to develop would not have tipped the scales in his favor in light of "the extremely violent murder" that he committed and other acts of misconduct. RR 17-18. Mr. Diaz disagrees.

The magistrate judge's finding of no prejudice is flawed in two respects. First, it places unwarranted emphasis on the facts of the murder of which Mr. Diaz was convicted. While the facts of the crime and other evidence offered by the State at Mr. Diaz's trial might have supported a finding of future dangerousness, it is the nature of constitutionally relevant mitigating evidence that it may lead the jury to reject the death penalty even in the face of such aggravating factors. "Mitigating evidence unrelated to dangerousness may alter the jury's selection of penalty, even if it does not undermine or rebut the prosecution's death-eligibility case." *Williams v. Taylor,* 529 U.S. 362, 398 (2000). *See also Douglas v. Woodford,* 316 1079, 1091 (9th Cir. 2003) ("The gruesome nature of the killing did not necessarily mean the death penalty was unavoidable").

Second, the magistrate judge erred in assessing prejudice based on whether Mr. Diaz's mitigating evidence "would have persuaded the jury to impose a different sentence . . . ." RR 18. Mr. Diaz's burden of proof on prejudice was not so great, as he was required to show only a reasonable probability "that at least *one juror* would have struck a different balance." *Wiggins v. Smith,* 539 U.S. 510, 537 (2003) (added emphasis). *See Lawton v. State,* 913 S.W.2d 542, 558 (Tex. Crim. App. 1995) (under Texas scheme, if a single juror believes that mitigating evidence warrants rejecting death penalty, defendant will be sentenced to life). As the magistrate judge recognized,

Mr. Diaz's mitigating evidence is substantial; had his jury heard it, there is a reasonable probability that at least one juror would have voted against death.

### III. Mr. Diaz Objects to the Magistrate Judge's Finding That Appellate Counsel Provided Effective Assistance.

The magistrate judge rejected Mr. Diaz's contention that appellate counsel was ineffective in not raising an issue concerning the prosecutor's impermissible appeal to community expectations during his closing argument the punishment phase. RR 18-20. Mr. Diaz objects, on two bases. He first objects to the conclusion that appellate counsel's performance was not deficient. The omitted issue was at least viable, and there was no tactical reason to not raise it. While the magistrate judge correctly notes that omission of a weak issue in favor of stronger ones may be a sound tactic, RR 19, that rule has no application in the instant case, where the issues that counsel did raise on appeal all were either waived or plainly foreclosed by settled precedent.

Mr. Diaz also objects to the magistrate judge's finding of no prejudice. It is settled Texas law that the State is not permitted to argue that the community or any particular group in the community demands or expects a verdict of guilty or a specific punishment. *Borjan v. State,* 787 S.W.2d 53, 55-56 (Tex. Crim. App. 1990). The prosecutor's argument at the punishment phase of Mr. Diaz's trial–that the jury had "a duty to the community"–violated this rule and constituted reversible error.

Appellate counsel's failure to raise this ground on appeal resulted in prejudice of constitutional dimension.

### IV. Mr. Diaz Objects to the Magistrate Judge's Finding That He Was Not Prejudiced by the Admission of Evidence of His Membership in a Gang.

The magistrate judge concluded that Mr. Diaz's First Amendment rights were violated by admission of evidence that he belonged to the Pistoleros gang, but that he was not entitled to relief on this basis in light of evidence properly before the jury concerning "his violent nature and his history of criminal violence . . . ." RR 21. While Mr. Diaz agrees with the first part of this analysis, he disagrees with the finding of no prejudice. By painting Mr. Diaz as a gang member, the State introduced an improper element into the jury's punishment phase deliberations – the dangerousness of the gang itself rather than that of the individual defendant who was on trial. Individualized sentencing is a core principle of capital sentencing jurisprudence. *E.g., Buchanan v. Angelone,* 522 U.S. 269, 274-75 (1998). Regardless of the State's other evidence about Mr. Diaz's potential for future dangerousness, it was unfair to allow the jury to consider his gang membership, thereby essentially holding him responsible for the acts of others, in answering the special issues on punishment.

**V.     Mr. Diaz Objects to the Magistrate Judge's Finding That His Right To Remain Silent Was Not Abridged.**

The magistrate judge rejected Mr. Diaz's claim that the prosecutor elicited inadmissible testimony about his exercise of his right to remain silent when he had Dr. Pinkerman testify that Mr. Diaz had refused to discuss the facts of the case with him. RR 22-23. Mr. Diaz disagrees.

The magistrate judge splits hairs is finding that "[t]he prosecutor never commented directly on Mr. Diaz's silence." RR 22. Dr. Pinkerman's answer to the prosecutor's question revealed exactly that which is prohibited by *Doyle v. Ohio*, 426 U.S. 610 (1976) – that Mr. Diaz chose to remain silent when asked to discuss the facts of the crime, and that an unfavorable might thus be drawn. *Id.* at 619.

The magistrate judge also attaches undue significance to the fact that the violation occurred at punishment rather than at the guilt-innocence stage of trial. That the error affected only punishment is of no consequence, as the negative inferences that the jury could draw concerning Mr. Diaz's lack of forthrightness certainly could have entered into their consideration of the punishment issues. Mr. Diaz's rights were infringed in two ways. First, to the extent that the defense relied on residual doubt at the punishment phase, their efforts were compromised by this impermissible allusion–and the negative inferences the jury was likely to draw from it–to his exercise

12

of his constitutionally protected right to remain silent. Second, to the extent that the defense relied on Dr. Pinkerman's testimony to argue against a death sentence, his credibility was called into question as being based on less than complete information from the defense. Given this record, the resulting prejudice to Mr. Diaz is apparent.

## IV. Mr. Diaz Is Entitled to a COA.

Finally, Mr. Diaz objects to the magistrate judge's conclusion that he is not entitled to a COA because none of his claims is debatable among jurists of reason. For the reasons stated in Mr. Diaz's petition, amended petition, response to the Director's motion for summary judgment, and these objections, he is entitled to a COA on each of his substantive claims for relief.

## CONCLUSION

For the above reasons, Petitioner requests that these objections be sustained, that the magistrate judge's report and recommendation be rejected, and that this Court grant a writ of habeas corpus and order his release from confinement unless the State of Texas affords him a new trial or a new punishment hearing within a reasonable period of time; alternatively, should relief be denied, he requests that he be granted a certificate of appealability on all of his grounds for relief.

Respectfully submitted,

13

Respectfully submitted,

*/s/ Charles A. Palmer*
CHARLES A. PALMER
Texas Bar No. 15426500
Southern District No. 1523

1607 West Avenue
Austin, Texas 78701
Telephone 512.963.9000
Facsimile 512.499.8760
charles.palmer@sbcglobal.net

*/s/ James M. Terry, Jr.*
JAMES M. TERRY, JR.
Texas Bar No. 24005119
Southern District No. 23811

1104 San Antonio
Austin, Texas 78701
Telephone 512.474.7677
Facsimile 512.474.5306
jim.terry@direcway.com

## CERTIFICATE OF SERVICE

I, Charles A. Palmer, do hereby certify that a true and correct copy of the foregoing Petitioner's Objections to the Magistrate Judge's Report and Recommendation has been served by placing it in the United States Mail, postage prepaid, on this the 29th day of August, 2005, addressed to Ms. Carla E. Eldred, Assistant Attorney General, Postconviction Litigation Division, P. O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

_____
CHARLES A. PALMER